**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANA LYDELL SMITH,

     Plaintiff-Appellant,

v.

VETERANS ADMINISTRATION;
FNU PENN, Captain; FNU JEPSEN,
Captain; CORRECTIONAL
CORPORATION OF AMERICA;
LABORATORY CORPORATION OF
AMERICA; VICKY BROCK;
JENETTE TURNER; PHILLIP
VALDEZ, Warden; DORA K. HILL;
OFFICE OF RECOVERY SERVICES;
FNU LEEDS, Captain,

     Defendants-Appellees.

No. 10-4040

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:10-CV-00003-CW)**

---

Submitted on the briefs:[*]

Dana Lydell Smith, Pro Se.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

---

**TYMKOVICH**, Circuit Judge.

---

Dana Lydell Smith is a prisoner of the State of Idaho and a frequent filer of legal papers in federal courts. He attempted to file a civil rights action in the District of Utah, and because of his indigency, he asked for permission to file his complaint without the prepayment of the $350 filing fee. But under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), a prisoner generally may not file a federal civil action or appeal in a civil action without prepaying the filing fee if he has violated the "three strikes" rule. The three-strikes rule generally requires a court to deny filing without the prepayment of filing fees if three or more of a prisoner's prior federal civil actions or appeals were dismissed because they were frivolous, malicious, or failed to state a claim for relief under applicable law. The district court in this case found three such prior dismissals, denied Mr. Smith permission to proceed in forma pauperis (IFP), and dismissed his unfiled complaint when he did not pay the filing fee.

Mr. Smith appeals, claiming that he did not have three strikes and should have been granted leave to proceed IFP. We agree with the district court that

Mr. Smith has used his three strikes under the statute and has therefore "struck out."

Exercising jurisdiction under 28 U.S.C. § 1291, we therefore deny Mr. Smith's motion for leave to proceed IFP on appeal and affirm.

## I.  Procedural History

Mr. Smith is a prisoner of the State of Idaho who appeared in the district court and appears in this court pro se.  He presented a complaint to the district court and a motion for leave to proceed IFP, seeking permission under 28 U.S.C. § 1915 to file his civil suit without prepaying the district court filing fee.  The district court denied the motion for leave to proceed IFP on January 29, 2010, holding that Mr. Smith was barred by § 1915(g) from proceeding in the district court without prepaying the filing fee because three of his past federal civil suits had been dismissed as frivolous or for failure to state a claim.  R., Vol. 1, at 3-4. After Mr. Smith failed to pay the fee, the district court dismissed the complaint. Mr. Smith appeals from the district court's order denying IFP.[1]

---

[1]     Although Mr. Smith filed his notice of appeal after the district court entered its order denying IFP, which was premature, his appeal ripened when the court dismissed the unfiled complaint for nonpayment of the filing fee. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1111 (10th Cir. 2007) (discussing conditions under which "[a] premature notice of appeal may ripen . . . upon entry of a subsequent final order").  As a result, we have jurisdiction to review the court's interlocutory order denying IFP.

-3-

We ordered Mr. Smith to show cause why he should not also be required to prepay the filing fee for this appeal because he had already accumulated three strikes in district court before he filed his notice of appeal. In response, he asserts that only one of the dismissals the district court identified qualifies as a strike. As explained below, we conclude that Mr. Smith's arguments are without merit.

## II. Discussion

### A. "Three Strikes" Provision

Under PLRA, a prisoner is barred from bringing new civil cases or appeals in civil cases without the prepayment of filing fees if three prior civil cases or appeals in civil cases have been dismissed as frivolous, malicious, or for failure to state a claim:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [the in forma pauperis section] if the prisoner has, on *3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is *frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g) (emphasis added). Section 1915(g), "the 'three strikes' provision of the ifp statute applicable to indigent prisoners, requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir.

2001) (quotation omitted). "There is only one exception to the prepayment requirement in § 1915(g), *Kinnell*, 265 F.3d at 1127-28, and it applies to a prisoner who 'is under imminent danger of serious physical injury[.]'" *Hafed v. Fed. Bureau of Prisons*, Nos. 09-1090, 09-1365, 2010 WL 5300829, at *5 (10th Cir. Feb. 4, 2011) (quoting § 1915(g)). "To meet that exception, appellant was required to make 'specific, credible allegations of imminent danger of serious physical harm[.]'" *Id.* (quoting *Kinnell*, 265 F.3d at 1127-28).

### B. Standard of Review

We review de novo the district court's determination that Mr. Smith had three strikes under § 1915(g). *See Turley v. Gaetz*, 625 F.3d 1005, 1008 (7th Cir. 2010); *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007); *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam); *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007); *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007) (per curiam); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). But we have long recognized that we retain discretion to ignore the three-strikes rule and reach the merits of an appeal. *See Dubuc v. Johnson*, 314 F.3d 1205, 1208-10 (10th Cir. 2003) (holding that under Tenth Circuit precedent, *Garcia v. Silbert*, 141 F.3d 1415, 1417 n.1 (10th Cir. 1998), "the court retains discretion to ignore the 'in no event' language of" § 1915(g), but that such discretion nevertheless "should be exercised only in extraordinary circumstances"). As a result, we

would review a district court's decision to ignore a prisoner's strikes and decide the merits of an action for abuse of discretion. Because Mr. Smith appears pro se, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

## C. Mr. Smith's Strikes

The three dismissals that the district court counted as strikes against Mr. Smith are three civil actions filed in federal district court in Idaho: *Smith v. District Court Clerk*, No. 1:08-cv-00501-BLW (D. Idaho 2009) ("*Smith 1*, 08cv501"); *Smith v. Idaho*, No. 1:08-cv-00219-BLW (D. Idaho 2008) ("*Smith 2*, 08cv219"); and *Smith v. United States Constitution*, No. 1:08-cv-00307-EJL (D. Idaho 2008) ("*Smith 3*, 08cv307").

We have reviewed these dismissals and conclude that the district court correctly counted them as strikes when it considered and denied Mr. Smith's motion for leave to proceed IFP in January 2010. Therefore, the district court correctly decided that Mr. Smith was barred by the "three strikes rule" from bringing another civil action in federal court without first prepaying the entire filing fee. As a result, Mr. Smith also had three strikes when he filed this appeal in February 2010 and has "struck out" in this court.

## 1.  First Strike

*Smith 1*, 08cv501, was a civil rights suit Mr. Smith filed in the District of Idaho.  According to the district court in that case, his complaint was a "nonsensical document" that might be related to a family law matter, and his motions appeared to contain proposals of marriage to one of the district court clerks.  *Smith 1*, 08cv501, Doc. 6, at 1-2.  On February 12, 2009, the district court prescreened the complaint under 28 U.S.C. § 1915A, decided that amendment would be futile, and dismissed the case with prejudice as frivolous and for failure to state a claim.  *Smith 1*, 08cv501, Doc. 6, at 3.  The district court also specified that the dismissal was a strike under § 1915(g).  *Smith 1*, 08cv501, Doc. 6, at 3.

The District of Idaho's dismissal language in *Smith 1* expressly falls under the language of 28 U.S.C. § 1915A(b)(1), even though the court did not specify the subsection and paragraph.  But that does not matter.  As we explained in our recent decision in *Hafed v. Federal Bureau of Prisons*, "a dismissal under § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim, the same grounds listed in § 1915(g)."  *Hafed*, 2010 WL 5300829, at *2.  The dismissal in *Smith 1* is therefore a strike under the PLRA.

That brings us to the question of whether the strike in *Smith 1* counts against the civil action Mr. Smith attempted to bring in the district court or the

appeal now before us.  We conclude that it does.  Although a dismissal cannot be counted as a strike against a prisoner "until he has exhausted or waived his appeals [in the prior action]," *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999), a strike ripens to be counted

> from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not. And if the prisoner did not file a direct appeal in a circuit court, a district court's dismissal counts as a strike from the date when his time to file a direct appeal expired.

*Hafed*, 2010 WL 5300829, at *2 (footnote omitted) (citation omitted).

The district court docket sheet shows that Mr. Smith did not appeal to the Ninth Circuit from the district court's dismissal in *Smith 1*.  Because the defendant was a federal officer, the district court's dismissal became final and ripened to be counted as a strike on April 10, 2009, when Mr. Smith's time to file an appeal expired.  *See* Fed. R. App. P. 4(a)(1)(B).  The dismissal in *Smith 1* thus counts as a strike against both Mr. Smith's current district court case, assessed in January 2010, and the appeal before us, filed in February 2010.

### 2.  Second Strike

The next dismissal we consider is less clear.  The language and reasoning used by the District of Idaho in its order dismissing Mr. Smith's complaint in *Smith 2*, 08cv219, raises some questions as to whether all of the grounds for this dismissal fall within § 1915(g) and the dismissal should count as a strike.  We

conclude, however, that the district court's order is sufficiently clear for us to determine that this dismissal counts as a strike.

The district court first observed that Mr. Smith's complaint "challenge[d] various aspects of his criminal conviction," raising claims "such as Sixth Amendment ineffective assistance of counsel, a *Miranda* violation, evidentiary issues, and Fifth and Fourteenth Amendment due process claims[,]" and that he was suing "investigators, prosecutors, his public defender and others." *Smith 2*, 08cv219, Doc. 7, at 1. Citing 28 U.S.C. §§ 1915 and 1915A, the court stated in its order of dismissal that it was "required to review prisoner in forma pauperis complaints to determine whether summary dismissal [wa]s appropriate." *Smith 2*, 08cv219, Doc. 7, at 1-2. The court then specified that under these statutes, it was required to "dismiss a complaint or any portion thereof that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief." *Id.* at 2. The court then stated that "[t]he threshold question is whether this *action* is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), or, in other words, whether a favorable verdict here would necessarily imply the invalidity of [Mr. Smith's] conviction." *Id.* (emphasis added).[2] The court determined that

---

[2]     Mr. Smith was convicted of grand theft of a truck and cargo trailer from a car dealership and sentenced to seven to fourteen years' imprisonment. *Idaho v. Smith*, Nos. 35216 & 35604, slip. op. at 1-2 (Idaho Ct. App. May 20, 2009) (unpublished) (available in .pdf format via Google, searching for "Dana Lydell

(continued...)

-9-

Mr. Smith's claims under 42 U.S.C. § 1983 necessarily implied the invalidity of his conviction and concluded that "his civil rights *case* [wa]s presently barred by *Heck v. Humphrey* and [wa]s subject to dismissal." *Smith 2*, 08cv219, Doc. 7, at 3 (emphasis added).

Mr. Smith argues in his brief, supplemental brief, and response to the show cause order that a dismissal based on prematurity under *Heck* cannot constitute a strike. We disagree.

Our precedent holds that the dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim. *See Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248, 1249 (10th Cir. 2007). In *Davis*, we not only upheld the district court's dismissal of such a suit for failure to state a claim under *Heck*, but we also termed the prisoner's appeal frivolous and assessed two strikes. *Id.* at 1249. Our result in *Davis* is consistent with the Supreme Court's holding in *Heck* that the favorable termination of a habeas case is an *essential element* of a prisoner's civil claim for damages brought under 42 U.S.C. § 1983 that necessarily implies the invalidity of the prisoner's conviction. *See Wilkins v. DeReyes*, 528 F.3d 790, 801 n.6 (10th Cir. 2008) (contrasting malicious

---

[2](...continued)
Smith 35216"; not available on Westlaw). The source website for this unpublished opinion is the Idaho State Courts' official website. http://www.isc.idaho.gov/opinions/. He appealed his conviction, but not his sentence; his conviction was affirmed on appeal. *Id.*

prosecution from false arrest claims); *Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004) (discussing malicious prosecution).

Mr. Smith's failure to allege this essential element of his § 1983 claim in *Smith 2* was a failure to state a claim and follows from the limited analysis set forth by the district court. Thus, although the district court's order of dismissal is not as specific as it might have been, we believe it "indicate[s] with sufficient clarity" that the complaint in *Smith 2*, 08cv219, was dismissed as premature under *Heck* for failure to state a claim. *See Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010) (holding that a "district court may rely on the relevant docket sheets [to count strikes] if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted").

It is true that the district court also provided *additional* grounds for dismissal as to some of the parties. The court noted that the public defender was not a state actor subject to suit under 42 U.S.C. § 1983; that the prosecutor had absolute immunity for pursuing a criminal prosecution; and that the State of Idaho, the State of Utah, and the Idaho Department of Corrections were immune from suit under the Eleventh Amendment. *See Smith 2*, 08cv219, Doc. 7, at 3 n.1. But the statement of these additional grounds for certain defendants does not prevent the dismissal from counting as a strike because the "action" and the

"case[,]" which is to say, the *claims*, were dismissed for prematurity under *Heck*. *See Smith 2*, 08cv219, Doc. 7, at 2-3.

The district court also stated, however, that "[i]f" there were other claims not intimately connected to Mr. Smith's conviction, they were dismissed as untimely under the state statute of limitations based on Mr. Smith's allegation that he had previously brought these claims more than two years earlier. *Id.* at 3 & n.2. Thus, the court left open the possibility that it was dismissing some unspecified claim or claims, not because of prematurity under *Heck*, but because of untimeliness.

We do not believe that the district court's suggestion of reliance on an additional ground prevents the dismissal in 08cv219 from counting as a strike. The court framed its order in terms of screening under §§ 1915 and 1915A, specifically setting out the applicable legal standard. *See Smith 2*, 08cv219, Doc. 7, at 1-2. Although the district court did not describe Mr. Smith's possible assertion of time-barred claims as a failure to state a claim, we believe that is what the court meant because it held that any of Mr. Smith's claims not intimately connected to his conviction exceeded the statute of limitations based on the allegations of his complaint. *See id.* at 2-3; *see also Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007), for "the long-standing rule that '[i]f the allegations . . . show that relief is barred by the applicable statutes of limitations, the complaint is subject to

-12-

dismissal for failure to state a claim'" (alterations in original)).[3]  Thus, whether

Mr. Smith's claims in *Smith 2*, 08cv219, were dismissed as premature under *Heck*

or as time-barred based on his own allegations, they were dismissed for failure to

state a claim, and the dismissal is a strike under § 1915(g).

Mr. Smith argues, however, that the dismissal in *Smith 2*, 08cv219, cannot

constitute a strike because the district court did not *state* that it was assessing a

strike.  Aplt. Answer at 11, 14.  This argument is without merit.  "Under the

PLRA, prisoners obtain a 'strike' against them for purposes of future ifp

eligibility when their 'action or appeal in a court of the United States . . . was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted. . . .'"  *Hafed*, 2010 WL 5300829, at *1 (quoting

§ 1915(g) (alteration in original)).  It is irrelevant under § 1915(g) whether the

district court affirmatively stated in the order of dismissal that it was assessing a

strike.  In fact, because a district court's order of dismissal cannot count as a

strike in this circuit until the prisoner "has exhausted or waived his appeals[,]"

---

[3]      The district court did not mention whether "it [wa]s clear from the face of
the complaint that there [we]re no meritorious tolling issues[,]" raising the
possibility that the statute of limitations holding was inappropriate for summary
dismissal under 28 U.S.C. §§ 1915 and 1915A.  *See Vasquez Arroyo v. Starks*,
589 F.3d 1091, 1097 (10th Cir. 2009); *see also Smith v. Idaho*,
No. 1:08-cv-00219-BLW (D. Idaho 2008), Doc. 7, at 3 & n.2.  We agree with the
D.C. Circuit, however, that "it bears repeating that IFP motions present no
occasion for relitigating final judgments.  Thus, even though a court may believe
that a previous court erred . . ., all that matters for the purpose of counting strikes
is what the earlier court actually did, not what it ought to have done."
*Thompson v. DEA*, 492 F.3d 428, 438-39 (D.C. Cir. 2007).

*Jennings*, 175 F.3d at 780, it will be more usual that a district court's order of dismissal will not state that it is a strike.[4]

Finally, Mr. Smith argues that the dismissal in *Smith 2* cannot constitute a strike because the district court did not state that its dismissal was with prejudice. *See* Aplt. Answer at 11, 14; *Smith 2*, 08cv219, Doc. 7, at 2-3. This argument is also without merit, because we have already settled that "a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim." *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam).

The district court's dismissal in *Smith 2*, 08cv219, counts against both the civil action Mr. Smith attempted to bring in the district court and against the appeal before us. He appealed this dismissal to the Ninth Circuit, and it was

---

[4]     We agree with the Second Circuit's observation that

> it would be well for a court entering an order of dismissal to see to it that the record and judgment clarify the issue for the future. The judgment should clearly state the reasons for the dismissal, including whether the dismissal is because the claim is "frivolous," "malicious," or "fails to state a claim," whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons. The judgment should also state whether the dismissal is with prejudice or without. Such clarifications will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action in forma pauperis by the three strikes rule of Section 1915(g).

*Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999).

ultimately dismissed for failure to prosecute.[5]  Mr. Smith did not file a petition

for writ of certiorari to the Supreme Court.  As a result, the district court's

dismissal in *Smith 2*, 08cv219, became final and ripened as a strike on March 5,

2009, when Mr. Smith's time to file a petition for certiorari expired.  *See*

S. Ct. R. 13.1.

### 3.  Third Strike

The third case we consider, *Smith 3*, 08cv307, was also a civil rights case

filed in the District of Idaho.  The district court described *Smith 3* as a civil rights

action under 42 U.S.C. § 1985, in which Mr. Smith challenged his conviction and

sentence by asking the court to make the case a class action on behalf of all state

inmates unfairly convicted due to ineffective assistance of counsel.  *Smith 3*,

08cv307, Doc. 6, at 2.  In its October 22, 2008, order, the court noted that

---

[5]    It is possible to conclude that the Ninth Circuit's dismissal also counts as a strike.  The Ninth Circuit denied Mr. Smith's motion to proceed IFP on appeal and ordered him to pay the filing fee and, simultaneously, to show cause why the district court's judgment should not be summarily affirmed.  *See Smith v. Idaho*, No. 1:08-cv-00219-BLW, Doc. 18, at 1-2.  The appeal was dismissed on December 5, 2008, when Mr. Smith failed to comply with the order to pay the filing fee.  *See id.*, Doc. 19.  The Ninth Circuit did not state that Mr. Smith's appeal was frivolous when it denied IFP, however, and that court forecasted a summary affirmance on the merits of the appeal, not a dismissal.  *See id.*, Doc. 18, at 1-2.  But since we have three cases that qualify as strikes, we need not consider whether the Ninth Circuit's dismissal counts as an additional strike. *Cf. Hafed v. Fed. Bureau of Prisons*, Nos. 09-1090, 09-1365, 2010 WL 5300829, at *4 (10th Cir. Feb. 4, 2011) (holding that a circuit court's dismissal of a prisoner's appeal for failure to prosecute was a strike where the circuit court's prior denial of IFP on the basis of frivolousness was "the 'but for' cause of that court's subsequent dismissal").

Mr. Smith had previously been informed in *Smith 2* that, under *Heck*, he could not use a civil rights action to challenge his conviction or sentence, and the court therefore dismissed *Smith 3* under § 1915A as frivolous and for failure to state a claim. *Smith 3*, 08cv307, Doc. 6, at 1, 3-4. The court specified that this dismissal was a strike. *Id.* at 4 (after observing that the defendant "United States Constitution" was not an entity that could be sued). For the reasons explained more fully above, the dismissal in *Smith 3* qualifies as a strike. In fact, Mr. Smith concedes as much. Aplt. Answer at 10-11.

Mr. Smith appealed the district court's dismissal in *Smith 3* to the Ninth Circuit. *See Smith 3*, 08cv307, Doc. 14, at 1-2. The appeal was dismissed on March 3, 2009, after Mr. Smith failed to pay the filing fee. *Id.*, Doc. 15.[6] Mr. Smith did not file a petition for certiorari to the Supreme Court, so the district court's dismissal in 08cv307 became final and ripened as a strike on June 1, 2009, when his time to file a petition for certiorari expired. *See* S. Ct. R. 13.1. The district court's dismissal in *Smith 3* thus counts against the civil action Mr. Smith attempted to bring in the district court and the appeal before us.

---

[6] As with the dismissal of Mr. Smith's appeal in *Smith 2*, it is possible to conclude that the Ninth Circuit's dismissal in *Smith 3* is also a strike, but it is unnecessary for us to decide that question.

### III.  Conclusion

Mr. Smith struck out for purposes of IFP eligibility on June 1, 2009.  Our show cause order directed Mr. Smith to explain how he fit under the only exception to the prepayment requirement, a challenge to conditions that place him in imminent danger of serious physical injury.  Although he filed a response to our show cause order, he did not make any allegations of imminent physical harm.  We conclude that he has not met the condition precedent to proceed on appeal or in the district court unless he first pays the filing fees in full.  *See Dubuc*, 314 F.3d at 1207-10.

The judgment of the district court is AFFIRMED.  Mr. Smith's renewed motion for appointment of counsel is denied.  His motion for leave to proceed IFP in this court is also denied, and he is directed to pay the entire $455.00 filing fee forthwith.