FILED
United States Court of Appeals
Tenth Circuit

October 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AB'DULLAH L.R. MUHAMMAD,

Plaintiff−Appellant,

v.

RANDALL G. WORKMAN, Warden;
TERRY CRENSHAW, Assistant
Warden; BOB COMPTON, Food Service
Supervisor,

Defendants−Appellees

No. 12-7035
(D.C. No. 6:12-CV-00094-RAW-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

---

Ab'dullah Lamar Rashid Muhammad filed a pro se complaint alleging that

prison officials violated his civil rights. He requested leave to proceed in forma

pauperis. In screening the complaint, the district court determined that

Mr. Muhammad previously had filed at least three actions that were dismissed as

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

frivolous or malicious or for failure to state a claim, and therefore his complaint was barred by the "three strikes" provision, 28 U.S.C. § 1915(g). *See, e.g., Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir.) (discussing § 1915(g)), *cert. denied*, 132 S. Ct. 381 (2011). The court denied leave to proceed in forma pauperis and directed Mr. Muhammad to pay the filing fee. Mr. Muhammad appeals.

The denial of a motion to proceed in forma pauperis is an appealable order. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005). Our review is de novo. *See Smith*, 636 F.3d at 1309. Unfortunately, however, the record on appeal is insufficient for adequate appellate review. The district court identified four actions, assessing strikes for each of them.[1] But not one of the underlying memorandum orders and judgments is included in the record on appeal. Without the ability to review the decisions in those prior actions, we cannot determine whether the district court correctly concluded that they meet the criteria set forth in § 1915(g).

With the advent of electronic filing, it has become easier for this court to access documents that are necessary for our review, should we choose. However, in this case we cannot readily access the relevant materials, even if we were so inclined; three of the four cases are so old that their filings are not available electronically.

---

[1] The district court identified the cases as *Muhammad v. Morton*, No. CIV-05-713-T (W.D. Okla. Mar. 15, 2006); *Muhammad v. Cody*, No. CIV-92-1963-W (W.D. Okla. May 21, 1993); *Muhammad v. Bellmon*, No. CIV-90-1608-R (W.D. Okla. Jan. 17, 1991); and *Muhammad v. Henry*, No. CIV-86-2337-R (W.D. Okla. July 27, 1988). Mr. Muhammad asserts that No. CIV-86-2337-R properly is captioned *Young v. Nigh* because at the time of that action, he had not yet changed his name.

Under these circumstances, the most prudent course of action is to vacate the district court's order and remand for the district court to revisit the evidentiary basis for its decision. On remand, the court should ensure that the record includes a copy of each memorandum order and judgment or other decision that serves as a basis for a strike.

The order to show cause filed on May 16, 2012, is discharged, and the motion for leave to proceed on appeal without prepayment of fees is GRANTED. The judgment of the district court is VACATED, and the case is REMANDED for further proceedings.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge