FILED
United States Court of Appeals
Tenth Circuit

January 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JUSTIN RUEB, a/k/a Justin J. Rueb, a/k/a Justin Joseph Rueb,

   Plaintiffs-Appellant,

v.

ARISTEDES ZAVARAS; ROBERT ALLEN; EUGENE ATHERTON; DENNIS BURBANK; BRIAN BURNETT; ANTHONY DECESARO; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; SUSAN JONES; ANGEL MEDINA; KEVIN MILYARD; DONICE NEAL; JOE ORTIZ; LARRY REID; JOHN SUTHERS,

   Defendants-Appellees.
_____

JUSTIN RUEB, a/k/a Justin J. Rueb, a/k/a Justin Joseph Rueb,

   Plaintiff-Appellant,

and

JACOB OAKLEY,

   Plaintiff,

v.

ARISTEDES ZAVARAS; EUGENE ATHERTON; DR. CRANDELL; JOHN DOE; JANE DOE; SUSAN JONES; KEVIN MILYARD; LARRY REID;

No. 11-1506
(D.C. No. 1:10-CV-02725-LTB)
(D. Colo.)

No. 11-1507
(D.C. No. 1:10-CV-02726-LTB)
(D. Colo.)

PEGGY STEELE; JOHN STONER,

        Defendants-Appellees.

_____

JUSTIN RUEB, a/k/a Justin J. Rueb, a/k/a Justin Joseph Rueb,

        Plaintiff-Appellant,

and

RAYMOND CAIN; JACOB OAKLEY; VERNON TEMPLEMAN,

        Plaintiffs,

v.

ARISTEDES ZAVARAS; EUGENE ATHERTON; DENNIS BURBANK; BRIAN BURNETT; ANTHONY DECESARO; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; SUSAN JONES; DONICE NEAL; JOE ORTIZ; LARRY REID; WILLIAM RICHTER; DAN SCHLESSINGER; JOHN SUTHERS,

        Defendants-Appellees.

No. 11-1508
(D.C. No. 1:10-CV-02727-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(continued)

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Justin Joseph Rueb is a Colorado inmate and frequent filer in this court. He and other inmates initiated these actions pro se, but the district court denied permissive joinder, dismissed the other inmates, and ordered Rueb to file amended complaints advancing claims particular to him alone. Rueb refused, and as a result, the court dismissed the suits with prejudice as a sanction for his non-compliance. Rueb now appeals, and exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

I

In No. 11-1506, Rueb appeals the dismissal of an action that he and twenty-two other inmates filed to challenge the lack of outdoor exercise provided to inmates classified for administrative segregation ("ad-seg") in the Colorado Department of Corrections. In No. 11-1507, Rueb appeals the dismissal of an action that he and another inmate filed to contest the confinement of mentally ill prisoners in ad-seg. And in No. 11-1508, Rueb appeals the dismissal of an action that he and fourteen other inmates filed to contest what they claim are disproportionately long punitive sentences imposed on ad-seg inmates at the Colorado State Penitentiary. All three

---

[1] We consolidate these separately briefed appeals for purposes of our decision.

actions were initiated on November 8, 2010 and took virtually identical procedural courses.

In each case, the district court denied permissive joinder and dropped the other plaintiffs pursuant to Federal Rule of Civil Procedure 21. Rueb moved the court to reconsider, but his requests were denied because Rueb is not a lawyer and may not represent other inmates. Rueb appealed to this court, and we dismissed his appeals for lack of jurisdiction, since no final judgment had entered. *See Rueb v. Zavaras*, Nos. 11-1110, 11-1111, & 11-1114 (10th Cir. May 16, 2011).

At that point, a magistrate judge ordered Rueb to file amended complaints asserting his own claims, not those of other inmates. The magistrate judge explained that the complaints as drafted failed to comply with Fed. R. Civ. P. 8 because they did not contain short and plain statements of Rueb's claims showing his entitlement to relief, nor did they notify defendants what claims were being asserted against whom. After instructing Rueb how he might comply with Rule 8, the magistrate judge gave him thirty days to amend and warned that failure to do so would result in dismissal without further notice. Rueb refused to comply with these orders and instead moved to alter or amend the judgments. The district court construed the motions to alter or amend as objections filed pursuant to 28 U.S.C. § 636(b)(1)(A). The court then overruled the objections and granted Rueb another twenty days to file his amended complaints. Again, the court warned Rueb that failure to timely amend would result in dismissal without further notice.

- 4 -

Still Rueb refused to amend his complaints. This time, he filed untimely responses to the court's orders, complaining that in another lawsuit, he had been similarly ordered to rewrite a complaint four times only to have half his claims dismissed for failure to state a claim. Rueb protested that there was no need to amend these complaints because the claims in each suit were common to the respective inmates, including him. Rueb also indicated that he did not have adequate resources to rewrite the complaints and therefore the court should either allow the claims to proceed or appoint counsel. The court denied the requests for counsel and ordered Rueb to show cause within twenty days why the actions should not be dismissed with prejudice for his failure to comply with the orders to amend his complaints. The court cautioned Rueb that failure to show cause within the specified time would subject him to sanctions, including dismissal of his actions. Rueb responded with a reiteration of his arguments why he could not and should not file amended complaints. In particular, Rueb asserted he did not know how to comply with Rule 8 and if he removed any factual content, his claims would be factually inadequate and subject to dismissal. He also argued that the claims of the other dismissed inmates were personal to him and thus there was no need to amend.

Based on Rueb's responses to the show-cause orders and his foregoing conduct, the district court dismissed the actions with prejudice as a sanction for Rueb's willful disobedience and dilatory conduct. Noting his pro se status, the court acknowledged that Rueb's pleadings were entitled to a liberal construction. But the

court refused to excuse Rueb's non-compliance with the rules of procedure. Accordingly, the court evaluated Rueb's conduct under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and concluded that dismissal with prejudice was warranted.[2] Specifically, the court determined that Rueb's conduct adversely affected defendants by keeping the lawsuit in limbo and impeding the court's ability to evaluate the case; he interfered with the judicial process by flouting the court's authority, requiring constant monitoring by the court, and disproportionately increasing the court's workload; he was willfully culpable as evidenced by the numerous shunned opportunities to cure his deficient pleadings; he was warned multiple times that his failure to comply with the court's orders would result in dismissal; and his refusal to comply with the court's orders demonstrated that lesser sanctions would be ineffective. Rueb now appeals the district court's dismissal orders.

## II

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action with prejudice if the plaintiff fails to comply with the rules of procedure or a court order. A dismissal with prejudice "represents an extreme sanction appropriate

---

[2]     *Ehrenhaus* set forth the following factors courts should consider when sanctioning dismissal with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted).

only in cases of willful misconduct." *Ehrenhaus*, 965 F.2d at 920. We review the district court's dismissal under Fed. R. Civ. P. 41(b) for an abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Additionally, because Rueb is proceeding pro se, we construe his materials liberally. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1310 (10th Cir. 2011).

We find no abuse of discretion here. The district court properly considered the propriety of sanctions in light of the *Ehrenhaus* factors and determined that dismissal with prejudice was warranted. Given the procedural history of these cases, we cannot disagree with the court's decision. Rueb insists the court abused its discretion in denying joinder and dropping the other plaintiffs, but we decline to consider this argument. *See AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009) (declining to review interlocutory order where plaintiff's failure to proceed with the judicial process resulted in dismissal for failure to prosecute); *John's Insulation, Inc. v. Addison & Assocs.*, 156 F.3d 101, 106-07 (1st Cir. 1998) (observing that a proper sanction of dismissal for failure to prosecute moots preceding interlocutory orders). Accordingly, we affirm the district court's judgment for substantially the same reasons stated in the court's orders dated October 6, 2011. Rueb's motion to proceed on appeal in forma pauperis is denied. *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). Rueb is directed to remit the entire outstanding balance of the filing fees for these

- 7 -

appeals immediately.

Entered for the Court

David M. Ebel
Circuit Judge