**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NORBERTO PEREZ AROCHO,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; and
HARLEY G. LAPPIN, former Federal
Bureau of Prison Director,

      Defendants - Appellees.

No. 13-1030

(D. Colorado)

(D.C. No. 1:12-CV-01579-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, and **ANDERSON** and **TYMKOVICH**,
Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Plaintiff and appellant Norberto Perez Arocho, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), on the ground that it was frivolous or malicious. For the following reasons, we affirm.

Mr. Arocho's general allegation is, as it has been throughout successive proceedings before the district court and our court, that the failure to provide him with medical treatment for his hepatitis, or the inadequate provision of such treatment, violates his Eighth Amendment rights. He has named defendant Harley G. Lappin, the former national director of the BOP, and the United States as defendants in the instant action.

With respect to the United States as defendant, we note that Mr. Arocho has not named the United States as a previous defendant. As the district court explained, however, Mr. Arocho does not assert any specific claim for relief against the United States, nor does he articulate any legal theory supporting such a claim. Even construing his pleadings liberally, as we must,[1] his unsupported appeal of his claim against the United States is surely frivolous. We now turn to his remaining claim, against Mr. Lappin.

---

[1]Because Mr. Arocho is proceeding *pro se*, we must construe his pleadings liberally. We will not, however, act as his advocate. See United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a *pro se* litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

As the district court further noted in its Order of Dismissal, Mr. Arocho previously filed an action in the District of Colorado asserting the same Eighth Amendment claim against Mr. Lappin, alleging that Mr. Lappin was personally involved in Mr. Arocho's failed or inadequate treatment.  See Arocho v. Lappin, No. 07-cv-02603-REB-KLM, 2011 WL 2358067 (D. Colo. June 10, 2011), aff'd, 461 Fed. Appx. 714 (10th Cir. 2012).[2]  The district court in that case granted summary judgment to defendant Lappin and dismissed with prejudice Mr. Arocho's Eighth Amendment claim against Mr. Lappin for lack of personal jurisdiction.  On appeal, our court affirmed the dismissal of Mr. Arocho's claim against Mr. Lappin for lack of personal jurisdiction, but remanded solely for the district court to modify the judgment to be without prejudice.  Arocho v. Lappin, 2012 WL 5689253 (10th Cir. Feb. 9, 2012).

In our decision in that case, we explained carefully and fully why Mr. Arocho failed to demonstrate personal jurisdiction over Mr. Lappin.  Moreover, we explicitly stated that a dismissal for lack of personal jurisdiction is without prejudice, so that Mr. Arocho could, assuming no other impediments to such a filing, pursue an action against Mr. Lappin in a venue where there is personal jurisdiction over Mr. Lappin.  See id. at 719-20.

---

[2]We note that the situation might be different were Mr. Arocho to allege that a BOP policy enacted or enforced by Mr. Lappin caused his inadequate treatment.  But that is not what Mr. Arocho alleges.

Accordingly, on April 6, 2012, an Amended Final Judgment was entered indicating that Mr. Arocho's claims against Mr. Lappin were dismissed without prejudice. Mr. Arocho then commenced the instant action on June 18, 2012, asserting the same Eighth Amendment claim against the same defendant (Mr. Lappin).

In dismissing this action, the district court stated as follows:

> "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records. The Court has consulted its records and finds that the claim Mr. Arocho is asserting against Defendant Lappin in the instant action is repetitive of the claim he asserted against Defendant Lappin in 07-cv-02603-REB-KLM. Mr. Arocho's previous claim against Defendant Lappin in 07-cv-02603-REB-KLM was dismissed without prejudice to being refiled in a jurisdiction where Defendant Lappin is subject to personal jurisdiction. However, rather than proceeding in a jurisdiction where Defendant Lappin is subject to personal jurisdiction, Mr. Arocho simply refiled the same claim in this Court. Because Judge Blackburn already has determined that Mr. Arocho may not pursue his Eighth Amendment claim against Defendant Lappin in the District of Colorado, Mr. Arocho's repetitive claim against Defendant Lappin in this action will be dismissed as legally frivolous and malicious.

Order of Dismissal at 3-4 (quoting McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997)) (further citations omitted).

The district court went on to explain why any Eighth Amendment or tort action against the United States is barred by sovereign immunity or is time-barred. The court accordingly dismissed Mr. Arocho's complaint. It also certified pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order would

-4-

not be taken in good faith and therefore *in forma pauperis* ("ifp") status would be denied for the purpose of appeal.

We generally review a district court's dismissal for frivolousness under 28 U.S.C. § 1915 for abuse of discretion. Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). We see no abuse of discretion here; rather, we agree with the district court that Mr. Arocho's cause of action, as well as his appeal, is frivolous. In his prior cause of action, the district court granted judgment to defendant Lappin on the ground that it had no personal jurisdiction over Mr. Lappin and that transfer to another forum was unwarranted. That situation still obtains with respect to Mr. Arocho's repetitious Eighth Amendment cause of action against defendant Lappin in a Colorado federal district court. We accordingly affirm the district court's dismissal of his appeal, for substantially the reasons given by the district court.

While the earlier dismissals of Mr. Arocho's case were without prejudice,[3] and thus led to the instant action, the district court in this case did not specify whether its dismissal of Mr. Arocho's action as legally frivolous and malicious was with or without prejudice. The court also did not specify whether its

---

[3]As indicated, Mr. Arocho's case was initially dismissed by the district court *without* prejudice at the pleading stage. Our court reversed and remanded the matter. Mr. Arocho's action was then dismissed by the district court *with* prejudice at the summary judgment stage. Our court affirmed that dismissal, but stated that it should be *without* prejudice.

dismissal should count as a strike for purposes of the "three strikes" rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[4]

Under that rule, a prisoner generally may not file a federal civil action or appeal in a civil action without prepaying the filing fee if he has violated the three strikes rule. "The three strikes rule generally requires a court to deny filing without the prepayment of filing fees if three or more of a prisoner's prior federal civil actions or appeals were dismissed because they were frivolous, malicious, or failed to state a claim for relief under applicable law." Smith v. Veterans Admin., 636 F.3d 1306, 1308 (10th Cir. 2011). We have, however, stated that "a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim." Id. at 1314 (quoting Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam)). We accordingly

---

[4]We note that "a dismissal cannot be counted as a strike against a prisoner 'until he has exhausted or waived his appeals [in the prior action].'" Smith v. Veterans Admin., 636 F.3d 1306, 1310 (10th Cir.), cert. denied, 132 S. Ct. 381 (2011) (quoting Jennings v. Natrona Cnty Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999)). Nonetheless, a "strike ripens to be counted["]

> from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not. And if the prisoner did not file a direct appeal in a circuit court, a district court's dismissal counts as a strike from the date when his time to file a direct appeal expired.

Id. at 1310-11 (quoting Hafen v. Fed. Bureau of Prisons, 635 F.3d 1172, 1175 (10th Cir. 2011) (footnote omitted)).

find that one strike before the district court and one strike before our court will ripen into two strikes, once Mr. Arocho's certiorari proceedings, if any, expire.

In short, we affirm the district court's dismissal of this action, we deny Mr. Arocho's request to proceed on appeal *ifp*, and we direct him to pay the entire $455.00 filing fee forthwith. We caution Mr. Arocho that, should he continue to file repetitious, frivolous pleadings, we may impose filing sanctions, in addition to imposing strikes under the PLRA.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge