**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BARRY LYNN COX,

     Plaintiff - Appellant,

v.

KENNETH ARMSTRONG, Judge,
Municipal Justice Court Traffic Division
and Utah State Court Fifth District; ERIC
GENTRY, Judge, Municipal Justice Court
Traffic Division and Utah State Court Fifth
District; K. JAKE GRAFF, Judge,
Municipal Justice Court Traffic Division
and Utah State Court Fifth District;
CHRISTOPHER CARAS, Director, Utah
State Driver License Division; SPENCER
J. COX, Governor, State of Utah,

     Defendants - Appellees.

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

No. 24-4070
(D.C. No. 4:24-CV-00022-AMA)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Barry Lynn Cox, appearing pro se, appeals the district court's dismissal of his complaint and action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Cox was pulled over in Utah for speeding and charged with an infraction in the Santa Clara Justice Court. After multiple unsuccessful attempts to have the case dismissed, Cox failed to appear for a bench trial. He was found guilty, sentenced *in absentia*, and fined. When he failed to comply with the terms of his citation, his driver's license was suspended. At a hearing (where Cox also failed to appear), the Justice Court denied his post-judgment motions and found him to be a vexatious litigant.

Meanwhile, after the judgment but before the denial of his post-judgment motions, Cox filed the action underlying this appeal. He asserted civil rights claims under 42 U.S.C. § 1983 against the prosecutor (defendant Eric Gentry, who later became a judge), the judges who presided over his case, the director of the Utah Driver License Division, and the Governor of Utah. Cox alleged he was not speeding, no evidence he was speeding had ever been produced, and the citation was unsigned. He therefore asserted defendants' actions were a conspiracy to make money, a violation of Utah and federal law, constitutionally improper, and criminal. He sought only monetary damages.

A federal magistrate judge tolled the time for service of the complaint, temporarily granted Cox's motion for leave to proceed in forma pauperis ("IFP") subject to screening under 28 U.S.C. § 1915(e), and directed Cox not to file any

2

motions or other documents during screening or until the court ordered otherwise. Nonetheless, Cox filed a motion for default judgment.

Soon thereafter, the magistrate judge issued a Report and Recommendation ("R&R") that the district court dismiss all claims based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

In the alternative, the magistrate judge recommended dismissal of the claims (1) against the judges based on judicial immunity, *see Mireles v. Waco*, 502 U.S. 9, 9–13 (1991) (discussing contours of judicial immunity); (2) against the prosecutor based on prosecutorial immunity, *see Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993) (discussing contours of prosecutorial immunity); (3) against the director of the Driver License Division based on *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because success on the claim that Cox's driver's license should not have been suspended would imply the invalidity of his conviction in the Justice Court; and (4) against the Governor based on failure to demonstrate his personal involvement in the alleged constitutional offenses, *see Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013) (explaining personal-involvement pleading requirements in § 1983 cases).

The magistrate judge also addressed Cox's citation to a number of criminal statutes, explaining that, with one exception, there was no indication any of them provided a private right of action, and Cox failed to sufficiently allege the elements of the lone exception, theft by extortion under Utah law.

3

Cox filed objections along with other documents seeking a default judgment. The district court overruled the objections, adopted the R&R, dismissed the complaint and action, and entered judgment. Cox appeals.

## II. Analysis

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a case filed by a litigant seeking to proceed IFP whenever "the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Here, the district court dismissed the case sua sponte under § 1915(e)(2)(B)(ii) and (iii). Thus, our review is de novo. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). Although we afford a liberal construction to Cox's pro se filings, we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Cox insists he advanced sufficient facts to demonstrate a plausible claim for relief, such as for malicious prosecution, and therefore it was error for the district court to dismiss his action for failure to state a claim on which relief could be granted. To be sure, a plaintiff fails to state a claim on which relief can be granted when he does not allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). But the failure to allege sufficient factual matter is only one type of failure to state a claim on which relief can be granted. *See, e.g., Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) ("[T]he dismissal of

4

a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim."). And the only claims the district court dismissed under this standard were those Cox asserted against the Governor due to Cox's failure to plausibly demonstrate an affirmative link between the Governor and the challenged conduct. *See Tufaro v. Okla. ex rel. Bd. of Regents*, 107 F.4th 1121, 1136 (10th Cir. 2024) (explaining that "vicarious liability does not apply to § 1983" and therefore "a § 1983 plaintiff must show an affirmative link between each defendant and the constitutional violation" (internal quotation marks omitted)). Cox does not meaningfully challenge that rationale, so he has waived appellate review of it. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived . . . [as are] arguments that are inadequately presented . . . ." (internal quotation marks omitted)). Nor has Cox developed any challenge to the district court's dismissal of his claims for damages based on *Younger*, *Heck*, judicial immunity, or prosecutorial immunity. He has therefore waived appellate review of those bases for dismissal, too. *See id.*

Regarding the complaint's citation to various criminal statutes, Cox says only that "Defendants are guilty of violating [them]," Aplt. Br. at 4, that no person is immune from criminal prosecution, and that he wants those statutes "applied," *id.* at 23. He fails to address the district court's reasons that his reliance on criminal statutes did not entitle his claims to move forward, so he has waived appellate review of those reasons. *See Sawyers*, 962 F.3d at 1286.

5

Cox argues the district court should have entered a default judgment against defendants for failure to answer his complaint. We disagree. Absent waiver of service, a defendant has no duty to answer until properly served. *See* Fed. R. Civ. P. 12(a)(1)(A) (defendant must serve answer "within 21 days after being served with the summons and complaint" unless defendant has timely waived service). There is no indication of waiver of service, and the record reflects that Cox mailed copies of the complaint to the defendants but not summonses. Thus, defendants were not properly served. As defendants had no duty to answer until properly served, entry of default prior to service would have been improper. *See* Fed. R. Civ. P. 55(a) (clerk shall enter default when party against whom judgment is sought "has failed to plead or otherwise defend").

Finally, Cox questions the magistrate judge's authority to recommend dismissal. That authority, however, is conferred by 28 U.S.C. § 636(b)(1)(B), which authorizes a district court judge to designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition" of dispositive matters. In this case, the district court did just that. *See* R. vol. I at 3 (ECF No. 12).

### III. Conclusion

The district court's judgment is affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6