**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

EARNEST EUGENE WALKER, JR.,

　　Plaintiff - Appellant,

v.

STATE OF KANSAS; CHRISTIAN E.
ZOLLER; DAWN L. HELMER;
MONA L. FUREST; C. ROBERT
BELL; (FNU) NEEDHAM; PAMELA
C. PARKER; JOHN DOE (1); JOHN
DOE (2); KURT KURNS,

　　Defendants - Appellees.

No. 25-3189
(D.C. No. 5:25-CV-03158-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Earnest Eugene Walker, Jr., proceeding pro se, appeals the district

court's dismissal of his amended complaint. Walker sued Kansas officials and

his defense attorneys for damages under 42 U.S.C. § 1983 over an allegedly

---

[*] After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

illegal sentence. Exercising our jurisdiction under 28 U.S.C. § 1291, we dismiss Walker's appeal.

## BACKGROUND

In his amended complaint, Walker alleged that a Kansas judge, prosecutor, and probation officer each violated Walker's rights under the Thirteenth and Fourteenth Amendments by imposing an illegal sentence. He also alleged that his court-appointed and private lawyers violated his rights under the Sixth and Fourteenth Amendments by failing to correct that illegal sentence. And Walker alleged that three correctional officers violated his Eighth Amendment rights while incarcerated.

As required by the Prison Litigation Reform Act, the district court screened Walker's amended complaint. *Walker v. Kansas*, No. 25-3158, 2025 WL 2879444, at *1 (D. Kan. Oct. 9, 2025); *see generally* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The court dismissed the complaint for failing to state a claim that survived *Heck v. Humphrey*, 512 U.S. 477 (1994), for lacking sufficient factual allegations about the correctional officers' abuse, and for other § 1983 pleading deficiencies. *Walker*, 2025 WL 2879444, at *3–5. The court entered judgment, and Walker appealed.

When he filed his first complaint, Walker was incarcerated at either the Sedgwick County Adult Detention Facility or the McPherson County Jail. And when he appealed, Walker was incarcerated at the McPherson County Jail.

**STANDARD OF REVIEW**

We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) or § 1915A for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). We review those dismissals as we review motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kay*, 500 F.3d at 1217; *McBride*, 240 F.3d at 1289. We ask if the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because Walker proceeds pro se, we liberally construe his pleadings. *See Johnson v. Reyna*, 57 F.4th 769, 775 (10th Cir. 2023). Because Walker proceeds in forma pauperis, we must dismiss his appeal if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011), *abrogated in part on other grounds by, Coleman v. Tollefson*, 575 U.S. 532 (2015).

**DISCUSSION**

We first address Walker's arguments. He seeks review of the district court's *Heck* ruling. He also seeks review of the court's dismissal of his Thirteenth Amendment claim.

We then address Walker's accumulation of strikes under the PLRA.

3

## I.    *Heck* bars Walker's claims.

Walker emphasizes that he has already sought a declaratory judgment from the Sedgwick County District Court and otherwise tried to invalidate his sentence. He asks us to allow his § 1983 claims to proceed to the merits or to return his case to the Kansas sentencing court. We lack authority to do the latter, so we address only the former.

*Heck* bars § 1983 claims that necessarily imply that a sentence is invalid, unless the § 1983 plaintiff pleads one of these four conditions: (1) the sentence was "reversed on direct appeal," (2) it was "expunged by executive order," (3) it was "declared invalid by a state tribunal authorized to make such determination," or (4) it was "called into question by a federal court's issuance of a writ of habeas corpus." *See* 512 U.S. at 486–87. When a plaintiff fails to allege any of these conditions, his § 1983 claims lack "an *essential element*," and the court must dismiss his claims. *See Smith v. Vets. Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011).

Under *Heck*, we cannot reach the merits of Walker's § 1983 claims. Before the district court, Walker sought money damages for "the extension of [his] probation sentence and the imposition of [his] prison sentence." Op. Br. at 2. He did not allege any of the four *Heck* conditions. So *Heck* required the district court to dismiss his claims.

Walker counters that his claims are valid because, under *Heck*, "[t]he [e]vidence confirms" that the "sentences are questionable." Dkt. No. 10 at 2.

4

But this misconstrues *Heck*'s fourth condition, which applies only when a sentence is "called into question *by a federal court's issuance of a writ of habeas corpus*." 512 U.S. at 487 (emphasis added). So we reject this argument.

## II.    The Thirteenth Amendment does not apply.

We reject Walker's argument that his allegedly illegal sentence violates the Thirteenth Amendment. The Thirteenth Amendment's prohibition on involuntary servitude does not apply to prisoners duly convicted of crimes. U.S. Const. amend. XIII; *Ruark v. Solano*, 928 F.2d 947, 949–50 (10th Cir. 1991), *overruled on other grounds by, Lewis v. Casey*, 518 U.S. 343 (1996). So the district court correctly dismissed Walker's Thirteenth Amendment claim with prejudice. *See Walker*, 2025 WL 2879444, at *1, 4.

## III.    Walker's dismissed complaint and appeal count as strikes.

Under 28 U.S.C. § 1915(g), a prisoner who has brought an "action or appeal" while incarcerated receives a strike if the action or appeal is dismissed for failing to state a claim. *See Coleman*, 575 U.S. at 534, 537. That includes when a prisoner's § 1983 claim fails under *Heck*. *Smith*, 636 F.3d at 1312. The district court's dismissal of Walker's amended complaint and our dismissal of Walker's appeal count as one strike each. *See id.*; *Coleman*, 575 U.S. at 534, 537. So we issue Walker two strikes under the PLRA.

## CONCLUSION

We dismiss Walker's appeal. We also issue Walker two PLRA strikes for the district court's dismissal of Walker's amended complaint and for our

dismissal of Walker's appeal. We deny as moot Walker's motion to show cause for appointment of counsel. Notwithstanding the district court's decision to grant leave to make partial payments of the appellate filing fees, Walker must pay the appellate filing fees in full immediately.

Entered for the Court

Gregory A. Phillips
Circuit Judge