**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 22, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

RYAN MARCK,

    Plaintiff - Appellant,

v.

DAVID MILLER; DEPARTMENT OF
HUMAN SERVICES, EL PASO
COUNTY, COLORADO; LISA CRAIG;
MERIDETH STEFFAN,

    Defendants - Appellees.

No. 22-1241
(D.C. No. 1:22-CV-00238-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Plaintiff Ryan Marck appeals from the district court's judgment dismissing his

pro se civil rights action brought under 42 U.S.C. § 1983.  We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

This action arises from state-court juvenile proceedings in El Paso County, Colorado, that resulted in Mr. Marck's children being removed from his custody and placed in foster care. Mr. Marck filed a complaint in the United States District Court for the District of Colorado, in which he asserted that the defendants had conspired to violate his constitutional rights and that his children had been illegally kidnapped. He obtained leave to proceed without prepayment of fees and costs. *See* 28 U.S.C. § 1915(a). A magistrate judge screened his complaint, found it deficient in several respects, and ordered him to file an amended complaint.

Mr. Marck then filed his operative amended complaint, naming as defendants David Miller, a state court judge; the El Paso County Department of Human Services (DHS); and two DHS employees. The complaint alleged that defendant Merideth Steffan, acting as an employee of DHS, kidnapped Mr. Marck's children and that the other defendants "witnessed this conspiracy to deprive me of my constitutional rights and did nothing." R. at 38. Mr. Marck explained that he sought "intervention in [the] juvenile court matter" and return of his daughter. *Id.* at 39. The complaint further alleged that defendant Lisa Craig withheld Mr. Marck's daughter from him and his family, thus violating his constitutional rights. He requested that his children be "returned from foster care" and that he be granted "attorney fees, and whatever the court sees as just." *Id.*

Two weeks later, Mr. Marck filed a 33-page document purporting to further amend his complaint. The magistrate judge advised Mr. Marck he would not "sort

2

through multiple pleadings to ascertain his claims," and ordered him to submit a single, completed complaint within 20 days if he wished to have any additional exhibits or documents considered in connection with his amended complaint. *Id.* at 75. Mr. Marck did not respond to the magistrate judge's order.

The magistrate judge thereafter issued a recommendation that the amended complaint be summarily dismissed. He treated the amended complaint, without any further amendments, as the operative pleading. He reasoned that Mr. Marck's claims for equitable relief should be dismissed for lack of subject matter jurisdiction, because (a) the domestic relations exception stripped the court of jurisdiction; (b) the court was required to abstain from hearing the case under *Younger v. Harris*, 401 U.S. 37 (1971); and (c) to the extent Mr. Merck sought to overturn final orders in state-court proceedings, his claims were barred by the *Rooker-Feldman* doctrine.[1] To the extent the complaint sought monetary relief, the magistrate judge found that its official-capacity claims were brought against officers of the State of Colorado who were immune from liability pursuant to the Eleventh Amendment. Further, Defendant Miller was entitled to absolute judicial immunity. Finally, the damages claims against defendants Steffan and Craig were subject to *Younger* abstention and, in any event, his conclusory allegations against them did not adequately satisfy the requirements of Fed. R. Civ. P. 8(a). The magistrate judge recommended that all the claims be dismissed.

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 482, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The recommendation warned Mr. Marck that he had 14 days to serve and file any written objections to obtain review by a district court judge. It also warned him that if he failed to file timely objections, he would waive de novo review of the magistrate judge's findings and recommendations and that he might also be barred from appealing any findings and conclusions that were accepted or adopted by the district court. *See* R. at 76 n.2. Despite this warning, Mr. Marck did not file any objection to the recommendation. The district court therefore adopted the recommendation and dismissed all claims without prejudice except the individual damages claims against defendant Miller, which it dismissed with prejudice.

## DISCUSSION

This court recognizes a firm-waiver rule, which provides that "[t]he failure to make timely objection to the magistrate [judge]'s findings or recommendations waives appellate review of both factual and legal questions." *Johnson v. Reyna*, 57 F.4th 769, 778 (10th Cir. 2023) (internal quotation marks omitted). This rule applies to pro se litigants, "provided they were informed of the time period for objecting and the consequences of failing to object." *Id.* (internal quotation marks omitted). Here, the magistrate judge warned Mr. Marck about the time to object and the consequences of failing to file timely objections.

This court issued Mr. Marck an order to show cause why he had not waived his right to appellate review of the district court's dismissal order by failing to file timely objections to the magistrate judge's recommendation. He filed a response in which he essentially asserted that the interests of justice weighed against applying the

4

rule.  To determine whether to make an exception to the firm-waiver rule in the interests of justice, we consider three factors:  (1) the "*pro se* litigant's effort to comply," (2) the "force and plausibility of the explanation for his failure to comply," and (3) "the importance of the issues raised."  *Id.*  We have characterized this exception as "similar to reviewing for plain error."  *Id.* (internal quotation marks omitted).[2]

The first two of these factors do not weigh in Mr. Marck's favor.  He asserts he made efforts to comply with his obligation to object once he became aware of it, but the record does not support that assertion.  On the day the recommendation was filed, and again two days later, Mr. Marck filed an exhibit list with accompanying documents that were apparently connected with his state-court juvenile proceedings.  *See* R. at 91-140.  A few weeks later, he filed in district court a purported Tenth Circuit "opening brief," on this court's pro se form, that did not address the magistrate judge's analysis.  As the district court correctly determined, none of these documents qualified as objections to the recommendation.  These were the only documents Mr. Marck filed between the recommendation and the order adopting it.  In addition, his conclusory assertion that by researching the issues and filing documents throughout the proceedings he clearly showed he objected to dismissal does not establish that he satisfied his obligation to file the required response.

---

[2] Plain error may also operate as another, freestanding exception to the firm-waiver rule.  *Johnson*, 57 F.4th at 778 n.7.  But Mr. Marck has not argued that plain error applies or discussed the plain-error factors, so we need not consider that exception.  *See id.*

Mr. Marck also asserts that he did not receive the recommendation by mail, unlike other court documents sent to him. Although he claims he only discovered the recommendation at some later unspecified date by searching PACER, a mailing receipt on the district court's docket sheet shows it served the recommendation on him by mail at his address. Mr. Marck has given us no reason to doubt the accuracy of this entry or that could overcome the presumption that he received the recommendation. *See Crude Oil Corp. of Am. v. Comm'r*, 161 F.2d 809, 810 (10th Cir. 1947) ("When mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail.").

Finally, turning to the importance of the issues raised, this factor also weighs against Mr. Marck. His amended complaint states, "I am seeking intervention in [the state] juvenile court matter" to get "my daughter back" and "my children . . . returned from foster care." R. at 39. The district court correctly determined that it lacked jurisdiction to entertain Mr. Marck's attempts to obtain child custody through this federal-court action. *See generally, e.g.*, *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) ("The domestic relations exception divests federal courts of the power to issue divorce, alimony, *and child custody decrees*." (emphasis added)); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (stating the Supreme Court has "expanded the domestic relations exception to include decrees in child custody cases" and has also barred the use of a federal writ of habeas corpus "to restore a child to the custody of the father," in part because state courts are better

6

positioned to "deploy[] . . . social workers to monitor compliance"). And to the extent the complaint's cursory request for "whatever the court sees as just," *see* R. at 39, could be construed as a request for money damages, *see Brown v. Buhman*, 822 F.3d 1151, 1169 n.19 (10th Cir. 2016) (casting doubt on whether request for "such other relief as the district court may deem just and proper" constitutes a claim for money damages (brackets omitted)), Mr. Marck also fails to show he has any viable damages claims. He has failed to mount an effective challenge to the district court's conclusions that (1) his claims against defendant Miller are barred by judicial immunity; (2) the individual defendants are immune from damages in their official capacities; and (3) his complaint's conclusory allegations relating to the individual defendants in their individual capacities fail to adequately allege a constitutional claim against these defendants.

In sum, all three factors weigh against applying the interests-of-justice exception. We therefore conclude that Mr. Marck has waived his appellate challenges to the district court's dismissal under the firm-waiver rule.

## CONCLUSION

We affirm the district court's judgment. Mr. Marck's motion for judicial notice is denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge