**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 21, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

KAPATRICK BOLLING,

    Plaintiff - Appellant,

v.

ZACHARY J. ENGELBERT, M.D.,

    Defendant - Appellee.

No. 23-1068
(D.C. No. 1:20-CV-01004-DDD-SKC)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.
_____

Kapatrick Bolling, a Colorado state prisoner proceeding pro se, appeals the

district court's order dismissing his complaint under 42 U.S.C. § 1983 for failure to

state a plausible claim for relief.  Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

According to the allegations in the operative complaint, Mr. Bolling was diagnosed with obstructive sleep apnea in 2016 and 2017.  Following his arrest in November 2017, he told jail staff about the diagnosis and was treated with a continuous positive airway pressure (CPAP) machine.  In April 2019, Mr. Bolling was transferred to the Freemont Correctional Facility.  This time, however, when he reported the diagnosis to staff, he was told that he had to take a sleep study test to determine whether he qualified for a CPAP machine under Colorado Department of Corrections (CDOC) guidelines.

Mr. Bolling had his first appointment with prison-medical-provider Zachary J. Engelbert, M.D., in late August 2019.  He complained of shortness of breath and chronic headaches and reported that he stopped breathing in his sleep on several occasions.  When Dr. Engelbert offered to schedule a sleep study test, Mr. Bolling told him that he had already been tested but would take another test if needed.

A few days later, Mr. Bolling's family faxed him his records, which included the results of the prior sleep studies and a prescription for a CPAP machine.  He provided these materials to Dr. Engelbert during an appointment in early October 2019.  Relying on these materials, Dr. Engelbert put in an order for a CPAP machine. But not long thereafter, the request was denied because he "did not meet the criteria for mild [obstructive sleep apnea] without witnessed [apnea] by a professional or documented cardi[o]vascular [d]isease."  R., vol. I at 77.  Mr. Bolling alleged he was

2

told by staff that his apnea-hypopnea index in the previous tests was 6.7; however, CDOC guidelines required a minimum index of 15 to qualify for a CPAP machine.

When several months passed without any word about a sleep study test, Mr. Bolling filed suit, alleging that Dr. Engelbert's refusal to provide him with a CPAP machine violated the Eighth Amendment.[1]  Shortly after suit was filed, Dr. Engelbert ordered a sleep test and Mr. Bolling was provided a CPAP machine.

## DISTRICT COURT PROCEEDINGS

A magistrate judge recommended granting Dr. Engelbert's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim under the Eighth Amendment.  Mr. Bolling timely objected.  The district court, applying a de novo standard of review, agreed with the magistrate judge's recommendation and dismissed the complaint.

## STANDARD OF REVIEW

"We review de novo a district court's grant of a 12(b)(6) motion to dismiss." *Johnson v. Reyna* 57 F.4th 769, 774 (10th Cir. 2023).  In doing so, "[w]e accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to [Mr. Bolling], the non-moving party." *Id*.

"To survive a motion to dismiss, a complaint must include enough facts to state a claim to relief that is plausible on its face.  A claim is plausible on its face

---

[1] In addition to Dr. Engelbert, Mr. Bolling named Correctional Health Partners and the CDOC as defendants; however, he voluntarily dismissed them as parties on appeal.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 774-75 (citation and internal quotation marks omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Because [Mr. Bolling] [appears pro se], we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "Although we construe a pro se plaintiff's complaint broadly, the plaintiff still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

## LEGAL FRAMEWORK

A prison doctor's deliberate indifference to serious medical needs of prisoners can be "manifested . . . in [his or her] response to the prisoner's needs or by . . . intentionally denying or delaying access to medical care or treatment or intentionally interfering with treatment once prescribed." *Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014) (internal quotation marks omitted). However, "a delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm. The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Requena v. Roberts*, 893 F.3d 1195, 1216 (10th Cir. 2018) (brackets, citation, and internal quotation marks omitted).

"To state a denial of medical care claim, a plaintiff must satisfy both an objective and a subjective component." *Id*. at 1215 (internal quotation marks omitted). To meet the first prong, a plaintiff "must produce objective evidence that the deprivation at issue was in fact sufficiently serious." *Id*. (internal quotation marks omitted). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (brackets and internal quotation marks omitted).

"[U]nder the subjective component, [the plaintiff] must allege the prison official acted with a sufficiently culpable state of mind, i.e. that the official knew of and disregarded an excessive risk to inmate health or safety." *Id*. (brackets and internal quotation marks omitted). This means "the official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have also drawn the inference." *Id*. (brackets, ellipses, and internal quotation marks omitted). But "an inadvertent failure to provide adequate medical care cannot be said to constitute [a constitutional violation]. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

## ANALYSIS

We agree with the district court that the allegations in the operative complaint fail to plausibly allege that whatever delay might be attributable to Dr. Engelbert

5

resulted in lifelong handicap, permanent loss, or considerable pain. We also agree that the allegations fail to show the necessary subjective state of mind to establish a claim for denial of medical care in violation of the Eighth Amendment. As the court explained, Mr. Bolling's "position . . . appears to be that Dr. Engelbert should have known that a sleep study would be required and that putting in the request without the [new] study was doomed to fail." R., vol. I at 519-20. However, there are no allegations that Dr. Engelbert *knew* that without conducting a new sleep study test, Mr. Bolling would not receive a CPAP machine. Thus, at best, the purported claim is based on Dr. Engelbert's alleged negligence, which does not state a valid claim under the Eighth Amendment.

## CONCLUSION

The judgment of the district court is affirmed. We grant Mr. Bolling's motion to proceed on appeal without prepayment of fees. We deny his motion to appoint counsel on appeal. As a preliminary matter, we lack authority to appoint counsel; instead, we can only request counsel to represent Mr. Bolling. *See* 28 U.S.C. § 1915(e)(1). More to the point, Mr. Bolling has done an adequate job of explaining his arguments. It is not the lack of legal assistance that prevented him from obtaining relief; rather, it is the facts, which fail to state a plausible claim under the Eighth Amendment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

6