FILED
United States Court of Appeals
Tenth Circuit

September 11, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STEVEN I. MALDONADO,

    Petitioner - Appellant,

v.

FNU MARTHENZ, Warden; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

    Respondents - Appellees.

No. 24-2032
(D.C. No. 2:20-CV-00507-MV-GJF)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Steven Maldonado, a New Mexico prisoner, filed a pro se application for habeas corpus relief under 28 U.S.C. § 2254.  A magistrate judge recommended his application be denied.  The recommendation was filed January 18, 2024, and served on Mr. Maldonado.  It advised him that if he did not file objections within 14 days, appellate review would not be allowed.  Mr. Maldonado did not file objections.  On February 14, 2024, the district court adopted the recommendation.  Mr. Maldonado now applies for a certificate of appealability (COA).  *See* 28 U.S.C. § 2253(c)(1)(A).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Although we construe Mr. Maldonado's filings liberally, he must follow the same rules of procedure as other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). One such rule is that "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). We apply this firm waiver rule to pro se litigants, "provided they were informed of the time period for objecting and the consequences of failing to object," as Mr. Maldonado was. *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006).

We may make exceptions to this rule "when the interests of justice so dictate." *Johnson v. Reyna*, 57 F.4th 769, 778 (10th Cir. 2023) (internal quotation marks omitted). "To determine whether this exception applies, we consider three factors: [1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* (internal quotation marks omitted).

The interests of justice do not require making an exception here. After the court directed Mr. Maldonado to show cause why he had not waived appellate review, he filed a letter indicating he had received the magistrate judge's recommendation on January 23, but could not afford postage and an envelope to respond until February 4. However, he did not file objections on February 4, or at any time either before or after the district court adopted the magistrate judge's recommendation, on February 14.[1] He filed a notice of

---

[1] Mr. Maldonado filed an inmate trust account statement with his motion to proceed without prepayment of costs and fees, from which we might infer that he was

appeal, postmarked February 22, but he did not raise objections to the recommendation, ask the district court to consider objections out of time, or explain why he had not filed timely objections. Further, and significantly, in his COA application, Mr. Maldonado only restates his § 2254 claims. He has not invoked or argued for the interests of justice exception to the firm waiver rule. He does not acknowledge the magistrate judge's recommendation or address the reasons it gave for denying his § 2254 application. In these circumstances, Mr. Maldonado has not shown that he made efforts to comply with the requirement to file objections to the magistrate judge's recommendation in district court, and he has not identified issues of such importance that we will overlook his failure to object in the interests of justice. *See Johnson*, 57 F.4th at 778.

Accordingly, Mr. Maldonado waived his right to appellate review, and we will not overlook that waiver. His request for a COA is denied and this matter is dismissed. Mr. Maldonado's motion to proceed without prepayment of costs or fees is granted.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

unable to afford an envelope and postage before February 15, rather than February 4. But even if we liberally construe his filings to consider the later date, that does not change our result. Whichever date is correct, he did not file any objections or explain his untimeliness once he was able to do so.

3