**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES HASTEN FRANKLIN,

Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

Respondent - Appellee.

No. 24-6225
(D.C. No. 5:24-CV-00738-J)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

James Hasten Franklin is an inmate at Oklahoma's Dick Conner

Correctional Center. Proceeding pro se, he seeks a certificate of appealability

(COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas

corpus petition as untimely.[1] *See* 28 U.S.C. § 2253(c)(1)(A), (2). He also

requests to proceed in forma pauperis (IFP) on appeal. Exercising our

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Franklin proceeds pro se, we liberally construe his filings, but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

jurisdiction under 28 U.S.C. § 1291, we grant his application to proceed IFP but deny his application for a COA.

## BACKGROUND

In 2020, an Oklahoma jury convicted Franklin on one count of shooting with intent to kill and one count of being a felon in possession of a firearm. He was sentenced to forty-five years' imprisonment for the shooting and ten years' imprisonment for possessing the firearm, to be served concurrently. On August 12, 2021, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence. Franklin did not file a petition for certiorari with the United States Supreme Court, so his direct appeal ended there.

About two years later, Franklin unsuccessfully sought post-conviction relief in state district court. He appealed, but the OCCA declined jurisdiction and dismissed the matter. He petitioned the Oklahoma Supreme Court for review, but that too failed.

On July 22, 2024, Franklin then filed his § 2254 petition in the United States District Court for the Western District of Oklahoma. In it, he collaterally attacked his conviction and sentence on the grounds that he was factually innocent, that he was denied a fair trial, and that his sentence was unjustly enhanced.[2] A magistrate judge recommended that the district court deny

---

[2] His petition brought many specific claims, including: (1) that he received ineffective assistance of counsel when his trial counsel failed to object to the prosecution's definition of "reasonable doubt," (2) that the prosecution

(*footnote continued*)

2

Franklin's petition as untimely. Franklin objected to the recommendation, but he did not object to the magistrate judge's dispositive, timeliness analysis. The district court adopted the recommendation, dismissed the petition with prejudice, and denied Franklin a COA on the ground that no reasonable jurist would debate that the petition was procedurally time-barred. Franklin timely appealed, seeking a COA and to proceed IFP.[3]

## DISCUSSION

As a habeas petitioner in state custody, Franklin must obtain a COA to appeal the dismissal of his § 2254 petition. *See* § 2253(c)(1)(A). To obtain a COA, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). But because the district court dismissed his petition on timeliness grounds, he must also show "that jurists of reason

---

engaged in misconduct when defining "reasonable doubt," (3) that potential jury members were excluded from the jury based on race, (4) that he was factually innocent because he acted in self-defense, (5) that the prosecution's incomplete investigation deprived him of exculpatory evidence, (6) that the sentencing court enhanced his sentence based on an illegal application of Oklahoma law, and (7) that he received ineffective assistance of appellate counsel because his trial counsel and appellate counsel were from the same office.

[3] After Franklin appealed the district court's denial of his § 2254 petition, he filed a motion for rehearing that the district court construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The district court denied the motion, and Franklin did not appeal that order. So the scope of this appeal is limited to the district court's dismissal of the petition and entry of judgment. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

would find it debatable whether the district court was correct in its procedural ruling." *Id.* We need not address the constitutional question if reasonable jurists would not debate the resolution of the procedural one. *See id.* at 485. And here, reasonable jurists would not debate that Franklin's petition was procedurally time-barred.

A § 2254 petition generally must be filed within the statutory one-year limitations period. § 2244(d)(1). This limitations period begins to run from the latest of four possible accrual dates. *Id.* For Franklin, the one-year limitations period accrued on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[4] § 2244(d)(1)(A). Because Franklin did not file a certiorari petition with the United States Supreme Court in his direct appeal, his conviction became final on November 10, 2021. *See Harris v. Dinwiddie*, 642 F.3d 902,

---

[4] None of § 2244(d)(1)'s alternative accrual dates are implicated here. As the magistrate judge noted, Franklin's petition offhandedly asserted that he could not file for post-conviction relief because he was "prohibited" from getting transcripts. R. vol. I, at 30, 53. A liberal construction of that allegation somewhat implicates § 2244(d)(1)(B), which starts the limitations period after an illegal, state-created "impediment" to filing is removed. But Franklin failed to explain who "prohibited" him from getting the transcripts, how he was so prohibited, what transcripts he sought, how their absence prevented him from filing, what steps he took to try to get them, or when he eventually got them. *See* R. vol. I, at 30. So § 2244(d)(1)(B)'s impediment-based accrual date does not apply. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that § 2244(d)(1)(B) was inapplicable because the petitioner "failed to explain why the documents held by the state were necessary to pursue his federal claim").

4

906 n.6 (10th Cir. 2011) (noting state prisoners have ninety days to petition for a writ of certiorari). The limitations period began to run the next day and expired one year later, on November 11, 2022. *See id*. Franklin filed his habeas petition about twenty months after that date had passed. So, as the magistrate judge concluded, his petition was untimely.[5] Franklin's COA application does not challenge that conclusion.

Though a § 2254 claim "asserted outside the limitations period is generally time-barred," *Pacheco v. Habti*, 62 F.4th 1233, 1240 (10th Cir. 2023), a petitioner may nonetheless file outside the limitations period if equitable tolling *or* an equitable exception applies, *see McQuiggin v. Perkins*, 569 U.S. 383, 391–92 (2013) (explaining that equitable tolling extends the limitations period, and an equitable exception overrides the limitation). No such equitable relief applies to the untimely petition here.

First, Franklin has not met his burden for equitable tolling. To do so, he needed to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

---

[5] Though Franklin filed a state petition for post-conviction relief, that petition was filed long after the limitations period had expired. So he is not entitled to statutory tolling under § 2244(d)(2). *See* § 2244(d)(2) ("The time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244]." (emphasis added)); *Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations.").

*Id.* at 391 (internal quotation marks omitted); *see Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support [equitable tolling.]" (internal quotation marks omitted)). In his § 2254 petition, Franklin gave no adequate explanation for his untimeliness and made no argument that he was entitled to equitable tolling. Likewise, his COA application does not argue that he was entitled to equitable tolling, and our independent review of the record has revealed no grounds for providing it.

Second, Franklin has not met his burden for the actual-innocence equitable exception to the limitations period. Under that exception, otherwise known as the fundamental-miscarriage-of-justice exception, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . notwithstanding the existence of a procedural bar to relief." *McQuiggin*, 569 U.S. at 392. The exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." *Id.* at 395 (cleaned up).

Though Franklin maintains that he is innocent of his crimes of conviction, he highlights no persuasive evidence supporting that claim. He suggests that the prosecution would have discovered "exculpatory evidence" had its investigation not been "shoddy." Op. Br. at 2 (asserting that the police did not take fingerprints or process a box of butter with blood stains on it). But Franklin apparently made that argument in trial court. *Id.* (citing trial-court transcript). Beyond the rehashed possibility of exculpatory evidence, nothing

6

new in his petition credibly suggests that he is innocent of his convictions. So

he has not met the demanding burden to show that his is one of those rare cases

warranting our equitable disregard of the statute of limitations. *See McQuiggin*,

569 U.S. at 386 (cautioning that "tenable actual-innocence gateway pleas are

rare" and that the actual-innocence burden is seldom met).

Without Franklin showing that he deserves equitable relief from the

one-year limitations period, the district court was correct to dismiss his habeas

petition as time-barred. Reasonable jurists "could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be

allowed to proceed further." *Slack*, 529 U.S. at 484.[6]

---

[6] We recognize that Franklin failed to make timely objection to the magistrate judge's recommendation that his § 2254 petition was untimely. That failure may have constituted a firm waiver of appellate review. *See Johnson v. Reyna*, 57 F.4th 769, 778 (10th Cir. 2023) ("The failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." (cleaned up)); *McCord v. Bridges*, No. 22-6169, 2023 WL 3220857, at *3 (10th Cir. May 3, 2023) (unpublished) (applying the firm-waiver rule to deny a COA in context of arguments about the timeliness of a § 2254 petition). But we need not decide whether our firm-waiver rule provides us an independent basis for denying Franklin a COA, because we deny him a COA under the traditional COA framework. *See United States v. Thyberg*, 722 F. App'x 847, 850 (10th Cir. 2018) (noting ambiguity in our caselaw about whether the firm-waiver rule operates independently from the traditional COA framework, but declining to decide that issue because the traditional COA framework supplied a basis for denying the COA).

## CONCLUSION

We grant Franklin's application to proceed IFP but we deny his application for a COA and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge