FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARVA R. BELL,

    Plaintiff - Appellant,

v.

COLEMAN YOUNGER,

    Defendant - Appellee.

No. 26-3045
(D.C. No. 5:26-CV-04007-HLT-BGS)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.

_____

Marva Bell appeals the dismissal of her pro se complaint alleging legal malpractice by her former counsel, Coleman Younger. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Bell appears pro se, "we liberally construe [her] filings, but we will not act as [her] advocate." _James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.  BACKGROUND

Ms. Bell alleged that Mr. Younger settled her personal injury case for an amount that failed to cover her medical treatments.  Her complaint included multiple versions of the complaint forms provided for pro se litigants, and she attached more than 150 pages of exhibits.  The district court referred the case to a magistrate judge.

The magistrate judge issued a report and recommendation ("R&R") to dismiss Ms. Bell's complaint for lack of subject-matter jurisdiction and failure to state a claim that complies with Federal Rule of Civil Procedure 8.  She concluded that (1) Ms. Bell did not allege "violations of any federally-protected rights or statutes" that would implicate federal-question jurisdiction and (2) "both she and [Mr. Younger] have addresses in Kansas," defeating diversity jurisdiction.  ROA at 197.  And, even if Ms. Bell could establish subject-matter jurisdiction, the magistrate judge concluded the factual allegations in her 187-page complaint failed to comply with Rule 8, which requires "a short and plain statement" of the claim for relief.  *Id.* at 198-200 (quoting Fed. R. Civ. P. 8(a)(2)).

The magistrate judge's R&R notified Ms. Bell that

> Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

*Id.* at 201.

Ms. Bell did not file any objections,[2] so the district court concluded that she waived her right to de novo review. The court adopted the R&R and dismissed Ms. Bell's complaint. She appeals the dismissal.

## II.  DISCUSSION

We review a district court's dismissal for lack of subject-matter jurisdiction de novo, *Mukhtar v. Lambrecht*, 172 F.4th 836, 841 (10th Cir. 2026), and for failure to comply with Rule 8 for abuse of discretion, *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162 n.3 (10th Cir. 2007). We may affirm on any ground supported by the record. *Morphew v. Chaffee Cnty.*, 172 F.4th 802, 821 n.18 (10th Cir. 2026).

Under the firm-waiver rule, "the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations omitted). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quotations omitted). For the latter, we consider "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the

---

[2] Ms. Bell moved for appointment of counsel within the 14-day period but did not object to the magistrate judge's R&R. The district court denied Ms. Bell's motion.

3

explanation for his failure to comply, and [3] the importance of the issues raised." *Johnson v. Reyna*, 57 F.4th 769, 778 (10th Cir. 2023) (quoting *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)).  Neither exception applies here.

First, the magistrate judge informed Ms. Bell that she had 14 days to file specific objections to the R&R and that failure to do so would waive appellate review.  Despite the clear warning, Ms. Bell filed no objections.

Second, as for the interests of justice, Ms. Bell does not argue she made any efforts to object.  Instead, she contends her "learning disabilities combined with the lack of legal representation . . . prevented [her] from understanding or responding to the [report and recommendation]."  Aplt. Br. at 2.  Her pro se status does not excuse noncompliance with court rules and deadlines, *see, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and if she had adequately explained her failure to object to the R&R, the issues raised do not warrant ignoring the firm waiver rule.  Our review of the complaint confirms the district court properly dismissed it for lack of subject-matter jurisdiction.  *See Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1268 (10th Cir. 1999) (applying firm waiver rule because "after our review of the record and the law, we are convinced that on the merits Theede's claims are suspect at best"); *Saleh v. Kimo*, 821 F. App'x 915, 918 (10th Cir. 2020) (unpublished) (applying firm waiver rule because "[o]ur own review of the record

reveals . . . the district court did not commit any plain error in its determination that it lacked subject matter jurisdiction" (quotations omitted)).[3]

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[3] Unpublished cases are not binding precedent, but we may consider them for their persuasive value.  *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).