**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 9, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

AARON L. TURNER, SR.,

    Plaintiff - Appellant,

v.

KANSAS COURT OF APPEALS; CITY
OF TOPEKA; ANTHONY T. BUKATY;
DARRIN HARRIS; DAVID BURNS;
PJ HILL; MARY E. CHRISTOPER;
SAM SCHIRER; WYANDOTTE
COUNTY DISTRICT COURT; CITY OF
KANSAS CITY; MICHAEL RUSSELL;
CHRIS HERNDON; ARANTES LUNA;
ADAM CEDERBURG; TONDA HILL;
MARK DUPREE, SR.; (FNU) LEE;
(FNU) VARNANO; (FNU) CARTER;
CLAY COUNTY POLICE
DEPARTMENT; PETER NEUKIRCH;
CITY OF CLAY COUNTY, MISSOURI,

    Defendants - Appellees.

No. 25-3063
(D.C. No. 5:25-CV-03019-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Aaron L. Turner, a Kansas prisoner proceeding pro se,[1] appeals from the district court's dismissal of his 42 U.S.C. § 1983 action against various Kansas officials, organizations, and municipalities. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous.

Turner's § 1983 complaint alleged violations of his Fourth, Fifth, and Eighth Amendment rights related to his Kansas state criminal proceedings. Turner sought to have the denial of his appeal overturned, his criminal case dismissed, $566,600,000 in damages, and the return of his personal property.

Screening the case under 28 U.S.C. § 1915A(a), the district court issued an order to show cause why it should not dismiss for failure to state a claim. It noted Turner's claims challenging his state convictions and sentence were not cognizable in a § 1983 action and needed to be brought in an application for habeas relief after exhaustion of his state-court remedies; and many of the defendants were either improper defendants to a § 1983 action or were immune from liability. *See* 28 U.S.C. § 1915A(b)(1), (2). Although it was timely, Turner's response failed to address the above bases for dismissal. The district court dismissed the action for failure to state a claim and imposed a strike under 28 U.S.C. § 1915(g).[2]

---

[1] Because Turner represents himself, we construe his filings liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Under § 1915(g)'s three-strikes provision, "a prisoner is barred from bringing new civil cases or appeals in civil cases without the prepayment of filing fees if three prior civil cases or appeals in civil cases have been dismissed as frivolous, malicious,

We generally review de novo dismissals for failure to state a claim, *see Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009), and questions of immunity, *see Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019). We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Young*, 554 F.3d at 1256. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Turner devotes most of his appellate brief to reasserting lengthy arguments about the validity of his state-court convictions. He appears to dispute the district court's dismissal for failure to state a claim by asserting that the Kansas Court of Appeals prevented him from exhausting his state-court remedies. But even liberally construing his appellate brief, we see no argument challenging the district court's determination that § 1983 is not an appropriate vehicle to challenge his state convictions and sentence. Turner has therefore waived appellate review of the district court's dismissal of his claims that call into question the lawfulness of his convictions or sentence. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)); *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364,

---

or for failure to state a claim." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011).

3

1369 (10th Cir. 2015) (affirming dismissal of claim where appellant's opening brief failed to address the basis for the district court's ruling).

Turner has also waived appellate review of the district court's determinations regarding the defendants' immunity or unsuitability to a § 1983 action. His assertion that because he represents himself, the district court should have been more flexible in "constru[ing] the capacity in which the defendants could be sued," Opening Br. at 5, is unsupported and insufficient to preserve the issue. "The first task of an appellant is to explain to us why the district court's decision was wrong," *Nixon*, 784 F.3d at 1366, and "mere conclusory allegations with no citations to the record or any legal authority for support" do not satisfy that objective. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

We conclude that this appeal is frivolous because Turner's arguments are meritless and fail to meaningfully challenge the bases for the district court's dismissal of his action. *See Wheeler v. Comm'r*, 528 F.3d 773, 782 (10th Cir. 2008) ("An appeal may be frivolous if it consists of irrelevant and illogical arguments based on factual misrepresentations and false premises, or when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)).

Accordingly, we dismiss this appeal as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (directing dismissal of appeal if the court determines it is frivolous). We deny Turner's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (Dkt. 15) for failure to show "the existence of a

4

reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  Because we hold that this action is frivolous, this counts as Turner's second strike under § 1915(g).  *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999), *overruled in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).  Turner is ordered to pay the filing fee in full immediately.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve prisoner's responsibility to pay the full filing fee).  We deny Turner's Motion to Add Documents to the Record (Dkt. 22).

                                        Entered for the Court


                                        Allison H. Eid
                                        Circuit Judge